**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6771**

UNITED STATES OF AMERICA,

              Petitioner - Appellee,

        v.

DALE MOREHOUSE,

              Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:14-hc-02180-BR)

Submitted:  May 31, 2016                Decided:  June 9, 2016

Before KING, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, Acting United States Attorney, G. Norman Acker, III, Michael Bredenberg, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dale Morehouse appeals the district court's order finding him to be a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 (AWCPSA), 18 U.S.C. §§ 4247-4248 (2012), and civilly committing him to the custody of the Attorney General. On appeal, Morehouse contends that the district court clearly erred when it adopted the opinions and diagnoses offered by three Government experts over contrary testimony by the two experts he called and evidence that he refrained from committing any sexual offenses while living in the community between 1993 and 2001. We affirm the district court's order.

Under the AWCPSA, a "sexually dangerous person" may be civilly committed following the expiration of his federal prison sentence. 18 U.S.C. § 4248. To obtain a commitment order, the Government had to demonstrate, by clear and convincing evidence, that Morehouse

> (1) "has engaged or attempted to engage in child molestation" in the past, 18 U.S.C. § 4247(a)(5); (2) currently "suffers from a serious mental illness, abnormality, or disorder"; and (3) as a result of the illness, abnormality, or disorder, "would have serious difficulty in refraining from [reoffending] if released," 18 U.S.C. § 4247(a)(6).

United States v. Hall, 664 F.3d 456, 461 (4th Cir. 2012) (ellipsis omitted). The Government satisfies the clear and convincing evidence standard by presenting "evidence of such

2

weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established, [in other words,] evidence that proves the facts at issue to be highly probable." Id. (alteration supplied) (quoting Jimenez v. DaimlerChrysler Corp., 269 F.3d 439, 450 (4th Cir. 2001)).

Within the context of a civil commitment proceeding, "we review the district court's factual findings for clear error and its legal conclusions de novo." Id. at 462. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Where a district court's factual findings were the result of witness credibility determinations "we give even greater deference to the trial court's findings." Id. (internal quotation marks omitted). This deference is further heightened when the credibility determination stems from the district court's evaluation of conflicting expert testimony. Id.

Morehouse concedes that the Government satisfied the first requirement for commitment, stated in 18 U.S.C. § 4247(a)(5), but challenges the district court's determinations that it satisfied the second and third requirements for commitment,

3

stated in 18 U.S.C. § 4247(a)(6).  Having reviewed the record we are not left with the "definite and firm conviction" that the district court improperly credited the opinions and diagnoses offered by the three Government experts.

Grounding their diagnoses in the guidelines established by the Diagnostic and Statistical Manual of Mental Disorders, 5th Edition (DSM-V), the Government's experts provided the district court ample basis to conclude that Morehouse suffered from a "serious mental illness, abnormality, or disorder."  While Morehouse's experts disagreed, their opinions were based, in part, on discounting Morehouse's self-reporting of sexual fantasies while in prison.  One of Morehouse's experts acknowledged that if Morehouse actually experienced the sexual fantasies he self-reported, such would be indicative of a "serious mental illness, abnormality, or disorder."  Having observed Morehouse's testimony and the conflicting statements of the various experts regarding the veracity of Morehouse's self-reported sexual fantasies, the district court was in the best position to make a credibility determination as to whether Morehouse experienced those sexual fantasies.  Accordingly, the district court was also in the best position to determine if the Government presented clear and convincing evidence that Morehouse suffers from a "serious mental illness, abnormality, or disorder."

Turning to the third requirement, the Government experts' reliance on the evaluation criteria from the STABLE 2007, the Structured Risk Assessment-Forensic Version (SRA-FV), and the Psychopathy Checklist provided the district court ample basis to conclude that Morehouse, if released, would have serious difficulty in refraining from reoffending. In contrast to Morehouse's contention that his prior eight years in the community without committing a sexual offense demonstrated that he would not have serious difficulty refraining from reoffending, one of the Government's experts testified that to qualify as a protective factor under the SRA-FV manual, an individual must live in the community for 10 to 15 years without reoffending. Furthermore, the Government experts provided the district court a reasonable basis to conclude that Morehouse's sexual misconduct in the highly structured environment of prison, as well as his possession of certain pictures in prison, were more indicative of the difficulty he would have with respect to reoffending than was his ability to not reoffend over 10 years earlier. Finally, although Morehouse contends that the district court placed too much emphasis on his withdrawal from a sex offender treatment program in prison, this was but one of many factors relied on by the Government experts and the district court. Therefore, we are unable to conclude that the district court clearly erred in finding that Morehouse, if

released, would have serious difficulty refraining from reoffending.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6